ALVERSON TAYLOR & SANDERS
JONATHAN B. OWENS, ESQ.
Nevada Bar No. 7118
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
Telephone: 702-384-7000
Facsimile:  702-385-7000
efile@alversontaylor.com
jowens@alversontaylor.com
*Attorneys for Defendant,*
*Sunbeam Products, Inc. and*
*and Newell Brands Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTINE LAYTON,

                    Plaintiff,

vs.

SUNBEAM PRODUCTS, INC., A FOREIGN
CORPORATION, NEWELL BRANDS, A
FOREIGN CORPORATION, DOES 1
THROUGH 10, INCLUSIVE and ROE
CORPORATIONS 1 THROUGH 10,
INCLUSIVE.

                    Defendant.

Civil Action No:

**NOTICE OF REMOVAL**

        Defendants   SUNBEAM   PRODUCTS,   INC.   and   NEWELL   BRANDS   INC.

("Defendants"), by their attorneys, Alverson Taylor, pursuant to 28 U.S.C. §§ 1332, 1441 and

1446, submit this Notice of Removal with respect to the above-captioned matter, which was

commenced and is now pending in the District Court of Clark County Nevada, under Docket

Number A-21-830737-C, Department No. 29, to the United States District Court for the District

of Nevada, Las Vegas Division.  In support of said Notice, Defendants state as follows:

        / / / /

1

27220-JBO

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

## BACKGROUND

1.      This lawsuit is a civil action within the meaning of 28 U.S.C. §§ 1441(a) and 1446(b).

2.      On or about March 8, 2021, Plaintiff Christine Layton filed her Complaint in the District Court of Clark County Nevada, under Docket Number A-21-830737-C.   A copy of Plaintiff's Complaint is attached hereto as **Exhibit A.**

3.      Sunbeam Products, Inc., was served and first received a copy of the Complaint on May 14, 2021.

4.      Newell Brands, Inc., Sunbeam's parent corporation, was as served and first received a copy of the Complaint on May 17, 2021. (**Exhibit B**, Service of Process on Newell Brands Inc.).

5.      This Notice of Removal is filed within 30 days of receipt of the initial pleading by Defendants, and within one year of the commencement of this action, as mandated by 28 U.S.C. § 1446(b). Accordingly, removal is timely.

## AMOUNT IN CONTROVERSY/JURISDICTION

6.      Plaintiff's Complaint alleges claims for relief against Defendants sounding in products liability with pleaded allegations of negligence, strict liability, breach of express warranty, breach of implied warranty of fitness for a particular purpose, and breach of implied warranty on merchantability. (**Exhibit A**).

7.      Plaintiff's Complaint also alleges punitive damages. (**Exhibit A**).

8.      Based on the following averments in Plaintiff's Complaint, and although Defendants deny all liability to Plaintiff, Defendants have reason to believe that this action satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a)(1) as the amount in controversy in this action exceeds $75,000, exclusive of interest and costs:

27220-JBO

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

a. Plaintiff's Complaint alleges that Plaintiff was injured by a heating pad product that caused "a large second degree burn to her right upper back culminating in a massive blister on her back requiring medical attention and medication." (**Exhibit A**, Plaintiff's Complaint, ¶ 12.)

b. Plaintiff's Complaint further alleges that Plaintiff "sustained physical injury, damages, and disfigurement which may permanent and disabling in nature". (**Exhibit A**, Plaintiff's Complaint, ¶ 14.)

c. Plaintiff's Complaint further alleges that "Plaintiff had limited occupational and recreational activities which have caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life in a presently unascertainable amount." (**Exhibit A**, Plaintiff's Complaint, ¶ 16.)

d. Further, Plaintiff's Complaint alleges punitive damages against Defendants. (**Exhibit A**, Plaintiff's Complaint, ¶ 63.)

Based on the above averments, it is clear that Plaintiff's claim against Defendants is in excess of $75,000.

## DIVERSITY OF CITIZENSHIP

9.      At the commencement of this action and at all times relevant hereto, Plaintiff has been a citizen and resident of Nevada. (**Exhibit A**, Plaintiff's Complaint, ¶1.)

10.      Defendant Sunbeam Products, Inc. is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in Boca Raton, Florida and is therefore a citizen of the States of Florida and Delaware.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

3

27220-JBO

11.     Defendant Newell Brands, Inc., is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in Atlanta, Georgia and is therefore a citizen of the States of Georgia and Delaware.

12.     No other parties have been identified in this matter that would defeat diversity jurisdiction.

13.     Given the facts and circumstances set forth above, this constitutes an action which originally could have been brought before this Court pursuant to 28 U.S.C. § 1332 and which may be removed pursuant to 28 U.S.C. §1441(a), as it is a civil action between citizens of different States and in which citizens or subjects of a foreign state are additional parties, and the amount in controversy, upon information and belief, will exceed the sum or value of $75,000, exclusive of interest and costs.

14.     This Court has subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this is the Federal District Court for the District where the State Court suit is pending.

15.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendant in this action as of the date of filing of this Notice of Removal are attached as **Exhibit A** and **Exhibit B**.

16.     This Notice of Removal will be served on all adverse parties in accordance with 28 U.S.C. § 1446.

17.     A true and correct copy of this Notice of Removal will be filed with the clerk of the District Court for Clark County Nevada, in accordance with 28 U.S.C. § 1446.

WHEREFORE, Defendants Sunbeam Products, Inc. and Newell Brands, Inc., hereby file this Notice of Removal so that the entire State Court action under Docket No. A-21-830737-C,

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

27220-JBO

1  now pending in the District Court for Clark County Nevada, is removed to this Court for all

2  further proceedings.

3     DATED this 24 day of May, 2021.

4           ALVERSON TAYLOR & SANDERS

5

6           JONATHAN B. OWENS, ESQ.

7           Nevada Bar No. 7118

8           6605 Grand Montecito Pkwy, Ste. 200
         Las Vegas, NV 89149

9           *Attorneys for Defendant,*
         *Sunbeam Products, Inc. and*

10           *Newell Brands Inc.*

11        **CERTIFICATE VIA CM/ECF**

12

13     Pursuant to FRCP 5, I hereby certify that I am an employee of ALVERSON TAYLOR &

14  SANDERS and that on the 24th day of May 2021, I caused to be served via CM/ECF a true and

15  correct copy of the document described herein.

16       **Document Served: <u>NOTICE OF REMOVAL</u>**

17  Clark Seegmiller, Esq.
RICHARD HARRIS LAW FIRM

18  801 South Fourth Street
Las Vegas, NV 89101

19  Tel: 702-444-4444

20  Fax: 702-444-4455
Email:  clark@richardharrislaw.com

21  *Attorneys for Plaintiff*

22

23          An Employee of ALVERSON TAYLOR
        & SANDERS

24

25  j:\z-client\27220\pleadings\notice of removal.docx

26

27

28

         27220-JBO

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

# EXHIBIT A

# EXHIBIT A



**CSC**

# Notice of Service of Process

null / ALL<br>
Transmittal Number: 23204013<br>
Date Processed: 05/14/2021

| | |
|---|---|
| **Primary Contact:** | Marc P. Clements<br>Jarden Corporation<br>3600 North Hyrdaulic Street<br>Wichita, KS 67219-3812 |

| | |
|---|---|
| **Entity:** | Sunbeam Products, Inc.<br>Entity ID Number  3672673 |
| **Entity Served:** | Sunbeam Products, Inc. |
| **Title of Action:** | Christine Layton  vs. Sunbeam Products Inc |
| **Matter Name/ID:** | Christine Layton  vs. Sunbeam Products Inc  (11232682) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Product Liability |
| **Court/Agency:** | Clark County District Court, NV |
| **Case/Reference No:** | A-21-830737-C |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 05/13/2021 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Clark<br>702-444-4444 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

3/8/2021 6:11 PM

| | |
|---|---|
| 1 | **SEI**<br>CLARK SEEGMILLER, ESQ. |
| 2 | Nevada Bar No. 3873<br>**RICHARD HARRIS LAW FIRM** |
| 3 | 801 South Fourth Street<br>Las Vegas, Nevada 89101 |
| 4 | Telephone: (702) 444-4444<br>Facsimile: (702) 444-4455 |
| 5 | Email: clark@richardharrislaw.com<br>*Attorneys for Plaintiff* |

Ernest D. Moody III
Certified Process Server #229
Second Judicial Circuit of Florida
Date: 5/13/21 Time: 11:35am

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

CHRISTINE LAYTON, AN INDIVIDUAL,

Plaintiff,

vs.

SUNBEAM PRODUCTS, INC., A FOREIGN
CORPORATION, NEWELL BRANDS, A
FOREIGN CORPORATION, DOES 1
THROUGH 10, INCLUSIVE and ROE
CORPORATIONS 1 THROUGH 10,
INCLUSIVE.

Defendants.

CASE NO: A-21-830737-C
CASE NO.:
DEPT NO.: Department 29

**SUMMONS**

**NOTICE:  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT
YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION
BELOW.**

**TO THE DEFENDANT:**

SUNBEAM PRODUCTS, INC.
c/o CORPORATION SERVICE COMPANY
1201 Hays Street
Tallahassee, Florida 32301-2525

A civil complaint has been filed by the plaintiff(s) against you for the relief set forth in the complaint.
If you intend to defend this lawsuit, within 20 days after this summons is served on you exclusive of the day
of service, you must do the following:
  a. File with the clerk of this court, whose address is shown below, a formal written response to the
     complaint in accordance with the rules of the court.
  b. Serve a copy of your response upon the attorney at the address as shown above.

Page 1 of 2

1        Unless you respond, a default against you will be entered upon application of the plaintiff(s) and this
court may enter a judgment against you for the relief demanded in the complaint, which could result in the

2    taking of money or property or other relief requested.  If you intend to seek the advice of an attorney in this
matter, you should do so promptly so that your response may be filed on time.

3

4    Issued at the direction of:

5                                  STEVEN D. GRIERSON, CLERK OF THE COURT

6

7    /s/ Clark Seegmiller                      By: Robyn Rodriguez                    3/9/2021
   Clark Seegmiller, Esq.                      DEPUTY CLERK.                     Date

8    Nevada Bar No. 3873                         Robyn Rodriguez

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 2 of 2

Electronically Filed
3/8/2021 6:11 PM
Steven D. Grierson
CLERK OF THE COURT

COMP
CLARK SEEGMILLER, ESQ.
Nevada Bar No. 3873
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, NV 89101
Telephone: (702) 444-4444
Facsimile: (702) 444-4455
Email: Clark@richardharrislaw.com
*Attorneys for Plaintiff*

CASE NO: A-21-830737-C
Department 29

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| CHRISTINE LAYTON, AN INDIVIDUAL,<br><br>Plaintiff,<br><br>vs.<br><br>SUNBEAM PRODUCTS, INC, A FOREIGN CORPORATION, NEWELL BRANDS, A FOREIGN CORPORATION, DOES 1 THROUGH 10, INCLUSIVE and ROE CORPORATIONS 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | CASE NO.<br>DEPT. NO.<br><br>**COMPLAINT** |

COMES NOW, Plaintiff, CHRISTINE LAYTON, AN INDIVIDUAL, by and through her counsel of record, CLARK SEEGMILLER, ESQ. of the RICHARD HARRIS LAW FIRM and for her causes of action against the Defendants, and each of them, complains and alleges as follows:

### I.

### PARTIES

1.     At all times relevant to these proceedings, Plaintiff, CHRISTINE LAYTON, an individual, (hereinafter referred to as "Plaintiff") was and is a resident of the County of Clark, State of Nevada.

2.      Upon information and belief, at all times referenced herein, Defendant SUNBEAM PRODUCTS, INC. (hereinafter referred to as "Sunbeam") was and is a foreign corporation duly organized and existing to do business in the State of Nevada and a subsidiary of DEFENDANT, NEWELL BRANDS and was doing business in the County of Clark, State of Nevada.

3.      Upon information and belief, at all times referenced herein, Defendant NEWELL BRANDS, (hereinafter referred to as "Newell") was and is foreign corporation duly organized and existing to do business in the State of Nevada and was doing business in the County of Clark, State of Nevada. Further, upon information and belief, Newell was and is a global manufacturer or distributor of Sunbeam branded heating pad products for the residential, commercial and industrial market and who markets its products to persons who have pain and physical limitations.

4.      Pursuant to NRCP 10(a) and *Nurenberger Hercules-Wreke GMBH v. Virostek,* 107 Nev. 873, 822 P.2d 1100 (1991), the identity of resident and non-resident Defendants designated herein as DOES 1 through 10, inclusive and ROE CORPORATIONS 1 through 10, inclusive, are presently unknown to Plaintiff. Upon information and belief these ROE and DOE CORPORATION Defendants, and each of them, were involved in the initiation, approval, support, or execution of one or more of the wrongful acts or omissions upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, and which directly and proximately caused injury and damages to Plaintiff, including but not limited to; (a) persons involved in the design, manufacture, distribution and placement into the stream of commerce of an unreasonably dangerous and unfit product that caused damages and injuries to Plaintiff, and which are strictly liable under products liability law; and (b) known witnesses whose particular culpability is not known at this time but may be made known once the true facts are learned. As the specific identities are revealed through discovery, the DOE and ROE CORPORATION appellations will be replaced to identify these parties

by their true names and capacities. Hereinafter, referenced to as Defendant or Defendants includes DOES and ROE CORPORATIONS and each of them.

5.     That said DOE and ROE CORPORATIONS Defendants are the employees, manufacturers, designers, component part manufacturers, installers, owners, distributors, repairers, maintainers, warned for use, retailers, and/or warrantors of the defective product as set forth herein.

6.     Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendants, and each of them, were the agents and/or servants and/or employees and/or partners and/or joint venture partners and/or employers of the remaining Defendants and were acting within the course and scope of such agency, employment, partnership or joint venture and with the knowledge and consent of the remaining Defendants.

## II.

## <u>JURISDICTION</u>

7.     That all the facts and circumstances that give rise to the subject lawsuit occurred within the County of Clark, State of Nevada.

8.     Nevada Courts hold personal jurisdiction over the Defendants, and each of them, pursuant to the Defendants, and each of them, purposeful contacts with the State of Nevada.

9.     Venue in the Eighth Judicial District Court, in and for the County of Clark, State of Nevada, is proper pursuant to NRS 13.040.

## III.

## <u>STATEMENT OF FACTS</u>

10.     Plaintiff repeats, realleges and incorporates herein by this reference, paragraphs 1 through 6 of PARTIES and paragraphs 7 through 9 of JURISDICTION, as though fully set forth herein and further alleges:

11.     On or about 2019, Plaintiff purchased a Sunbeam heating pad for use on her upper right back to ease the pain and discomfort she was experiencing. Plaintiff set the heating pad on its lowest temperature setting as well as set the heating pad to turn off and on in twenty (20) minute increments while the product was being used.

12.     On or about April 19, 2019, on completion of a heating session on Plaintiff's back, Plaintiff discovered a large second degree burn to her right upper back culminating in a massive blister on her back requiring medical attention and medication.

13.     Plaintiff, after discovering the second degree burn and blister, contacted Defendants and each of them, to put them on notice of the subject incident. Plaintiff never received a response from any of the Defendants.

14.     As a direct result of the negligence of Defendants, and each of them, Plaintiff sustained physical injury, damages and disfigurement which may permanent and disabling in nature.

15.     As a result of the above-mentioned injury, Plaintiff was required and may yet be required to seek medical care and treatment.

16.     As a direct and proximate result of the negligence of Defendants SUNBEAM, NEWELL, and DOE and ROE Defendants, and each of them, Plaintiff had limited occupational and recreational activities which have caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

17.     Plaintiff has been required to retain the services of counsel to protect her interests and therefore, Plaintiff is entitled to an award of reasonable attorney's fees.

. . .

. . .

# IV.

## **FIRST CAUSE OF ACTION**

### *Negligence as to All Defendants*

18.     Plaintiff repeats and realleges and incorporates herein by reference paragraphs 1 through 6 of PARTIES, paragraphs 7 through 9 of JURISDICTION, and paragraphs 10 through 17 of the STATEMENT OF FACTS as though fully set forth herein and further allege:

19.     Defendants, and each of them, owed a duty to Plaintiff, and others similarly situated, to ensure their product, particularly the Sunbeam heating pad was properly functioning and safe for use by the end consumer.

20.     Defendants, and each of them, while in the course and scope of their employment and/or agency with other Defendants, negligently failed to warn Plaintiff of safety hazards which resulted in Plaintiff's injuries and damages.

21.     Defendants, and each of them, knew or should have known that unreasonably dangerous conditions existed with the Sunbeam heating pad, being used by Plaintiff, namely the ability to receive severe burns.

22.     Defendants owed a duty of due care to Plaintiff, and others similarly situated, in the design, testing, manufacture, installation, assembly, marketing, instructions for use and warnings for the Sunbeam heating pad.

23.     Defendants breached their duty of due care by their negligent, careless, wanton, willful, and indifferent failure to act including, but not limited to the negligent and improper design, testing, manufacture, installation assembly, instructions for use and warnings for the Sunbeam heating pad.

. . .

24.     As a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff has incurred damages and injuries in excess of FIFTEEN THOUSAND DOLLARS ($15,000).

25.     Plaintiff has been required to retain counsel to protect her interests in this matter and therefore, Plaintiff is entitled to an award of reasonable attorney fess and costs.

## V.

### SECOND CAUSE OF ACTION
#### Strict Product Liability Defective Design,
#### Manufacture and/or Failure to Warn
#### as to all Defendants

26.     Plaintiff repeats and realleges and incorporates herein by reference paragraphs 1 through 6 of PARTIES, paragraphs 7 through 9 of JURISDICTION, paragraphs 10 through 17 of the STATEMENT OF FACTS and paragraphs 18 through 25 of the FIRST CAUSE OF ACTION, as though fully set forth herein and further alleges:

27.     Upon information and belief, Defendants, and each of them, are and were a component part manufacturer, owner, distributor, maintainer, warned for use, retailer, and/or warrantor of said the defective product as set forth herein.

28.     Upon information and belief, Defendants, and each of them, sold the defective Sunbeam heating pad and failed to warn Plaintiff of the hazards of the use of the subject product.

29.     At the time of the subject incident, the Sunbeam heating pad had a design and/or manufacturing defect that rendered the product unreasonably dangerous.

30.     The defect, which rendered the heating pad unreasonably dangerous, existed at the time the subject product and its component parts left the care, custody and control of the above-named Defendants and each of them.

31.     The Defendants, and each of them, knew or should have known of the Sunbeam product's defect which rendered it unreasonably dangerous at the time of placing the product into the stream of commerce and failed to undertake measures to prohibit it from entering into the stream of commerce and into the hands of users in the State of Nevada, including warnings of the risks for product failure, proper use and maintenance of the product and proper inspection of the product for potential hazards and/or defects.

32.     The subject Sunbeam product was defective due to Defendants, and each of them, failure to warn of the potential dangers associated with using said heating pad.

33.     The Sunbeam heating pad was defective due to a manufacturers' defect, design defect, or defect due to lack of adequate warnings.

34.     The heating pad was defective as a result of its design which rendered the product unreasonably dangerous.

35.     The Sunbeam heating pad was unreasonably dangerous and defective because it lacked suitable and adequate warnings concerning its safe and proper use which rendered the product unreasonably dangerous.

36.     The Defendants, and each of them, failed to perform in the manner reasonably expected in light of its nature and intended function and was more dangerous than would be contemplated by the ordinary user, including Plaintiff having the ordinary knowledge available in the community, which rendered the product unreasonably dangerous.

37.     Defendants', and each of them's, failure to warn was a proximate cause of Plaintiff's injuries.

38.     The Defendants, and each of them's, products' manufacturing and/or design defect was the proximate cause of Plaintiff's injuries and damages.

39.     The Defendants, and each of them, conduct was the direct and proximate cause of Plaintiff's injuries and damages.

40.     The Defendants, and each of them, are strictly liable to the Plaintiff jointly and severally for the damages she has and may continue to sustain which are in excess of FIFTEEN THOUSAND DOLLARS ($15,000).

41.     Plaintiff has been required to retain the services of counsel to protect her interests in this action, and therefore, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

**VI.**

## THIRD CAUSE OF ACTION
### *Breach of Express Warranties*

42.     Plaintiff repeats, realleges and incorporates herein by reference paragraphs1 through 6 of PARTIES, paragraphs 7 through 9 of JURISDICTION, paragraphs 10 through 17 of the STATEMENT OF FACTS, paragraphs 18 through 25 of the FIRST CAUSE OF ACTION and paragraphs 26 through 41 of the SECOND CAUSE OF ACTION as though fully set forth herein and further alleges:

43.     Defendants, and each of them, expressly warranted that the SUNBEAM heating pad was free from defects and was safe for consumer use.

44.     Defendants, and each of them breached the express warranties, which breaches were the proximate and legal cause of the failure of the SUNBEAM heating pad.

45.     Plaintiff sustained injuries and damages as a direct result of the Defendants' breach of the express warranties in a sum in excess of FIFTEEN THOUSAND DOLLARS ($15,000).

46.     Plaintiff has been required to retain counsel to protect her interests and therefore Plaintiff is entitled to an award of reasonable attorney's fees and costs of suit.

## VII.

### FOURTH CAUSE OF ACTION
*Breach of Implied Warranty of Fitness for a Particular Purpose*

47.     Plaintiff repeats and realleges and incorporates herein by this reference, paragraphs 1 through 6 of PARTIES, paragraphs 7 through 9 of JURISDICTION, paragraphs 10 through 17 of the STATEMENT OF FACTS, paragraphs 18 through 25 of the FIRST CAUSE OF ACTION, paragraphs 26 through 41 of the SECOND CAUSE OF ACTION, and paragraphs 42 through 46 of the THIRD CAUSE OF ACTION as through fully set forth herein and further alleges:

48.     At all times referenced herein, Plaintiff purchased a Sunbeam heating pad for her personal use.

49.     Defendants, and each of them, impliedly warranted the Sunbeam heating pad was fit to be used for a particular purpose and was safe for use.

50.     Defendants, and each of them, had reason to know the particular purpose for which the Sunbeam heating pad would be used, and Plaintiff was relying on Defendants skill and judgment to provide a suitable product.

51.     Defendants, and each of them, implicitly warranted the Sunbeam heating pad was fit for the particular purpose for which it was required and that it was safe for Plaintiff to use in the manner contemplated.

52.     Defendants, and each of them, breached their implied warranty of fitness for a particular purpose, and said breach was the proximate and legal cause of the failure of the Sunbeam heating pad.

. . .

. . .

53.    Plaintiff on determining the Sunbeam product was not suitable for the particular purpose represented took reasonable steps to notify the Defendants, and each of them, the heating pad was not suitable.

54.    As a direct and proximate result of the Defendant's, and each of them, breach of the implied warranty, Plaintiff has suffered injuries and damages in a sum in excess of FIFTEEN THOUSAND DOLLARS ($15,000).

55.    Plaintiff has been required to retain counsel to protect her interests and, therefore, Plaintiff is entitled to an award of reasonable attorney's fees and costs of suit.

## VIII.

### FIFTH CAUSE OF ACTION
### *Breach of Implied Warranty of Merchantability*

56.    Plaintiff repeats, realleges and incorporates herein by this reference, paragraphs 1 through 6 of PARTIES, paragraphs 7 through 9 of JURISDICTION, paragraphs 10 through 17 of the STATEMENT OF FACTS, paragraphs 18 through 25 of the FIRST CAUSE OF ACTION, paragraphs 26 through 41 of the SECOND CAUSE OF ACTION, paragraphs 42 through 46 of the THIRD CAUSE OF ACTION and paragraphs 47 through 55 of the FOURTH CAUSE OF ACTION as though fully set forth herein, and further alleges:

57.    Plaintiff bought the consumer product Sunbeam heating pad, manufactured by Defendant Sunbeam and marketed by Defendant Newell.

58.    At the time of the purchase of the Sunbeam heating pad by Plaintiff, Defendant Sunbeam was in the business of selling such heating pads to retail buyers such as Plaintiff.

59.    At the time Plaintiff purchased the heating pad, the Sunbeam heating pad was not fit for the ordinary purposes for which the product is to be used.

60.     Defendants, and each of them, breached the implied warranty of merchantability, and their breach of warranty was the proximate and legal cause of the failure of the SUNBEAM heating pad.

61.     Plaintiff sustained injuries and damages as a result of Defendants' breach in a sum in excess of FIFTEEEN THOUSAND DOLLARS ($15,000).

62.     Plaintiff has been required to retain the services of counsel to protect her interests and therefore she is entitled to an award of reasonable attorney's fees and costs.

IX.

**PUNITIVE DAMAGES**
*As to all Defendants*

63.     Plaintiff repeats, realleges and incorporates herein by reference, paragraphs1 through 6 of PARTIES, paragraphs 7 through 9 of JURISDICTION, paragraphs 10 through 17 of the STATEMENT OF FACTS, paragraphs 18 through 25 of the FIRST CAUSE OF ACTION, paragraphs 26 through 41 of the SECOND CAUSE OF ACTION, paragraphs 42 through 46 of the THIRD CAUSE OF ACTION, paragraphs 47 through 55 of the FOURTH CAUSE OF ACTION, and paragraphs 56 through 62 of the FIFTH CAUSE OF ACTION and further alleges:

64.     The Defendants, and each of them, knew or should have known of the Subeam's product's defect which rendered it unreasonably dangerous at the time of placing the subject product into the stream of commerce and failed to undertake measures to prohibit it from entering into the stream of commerce and into the hands of users in the State of Nevada, including warnings of the risks for product failure, proper use and maintenance of the product and proper inspection of the product for potential hazards and/or defects.

. . .

. . .

65.     Defendants, and each of their conduct was wrongful because Defendants engaged in oppression, malice and with a conscious disregard toward individuals like Plaintiff who purchased and used the Sunbeam heating pad.

66.     Specifically, Defendants marketed the Sunbeam heating pad to consumers like Plaintiff who are in significant pain, anguish and suffering.

67.     Defendants, and each of them, market the SUNBEAM heating pad to the end consumers implying the consumer will feel better with every use and it will make the user's experience a pain and stress reducing pleasure.

68.     As a result of the Defendants, and each of them, actions as set forth herein, Plaintiff has suffered injuries and damages in a sum in excess of FIFTEEN THOUSAND DOLLARS ($15,000) and punitive damages in a sum to be determined in excess of FIFTEEN THOUSAND DOLLARS ($15,000).

WHEREFORE, Plaintiff respectfully prays for Judgment against the Defendants, and each of them, as follows

1.     General damages in an amount in excess of $15,000.00,

2.     Compensatory damages in an amount in excess of $15,000.00,

3.     Special damages for Plaintiff in an amount in excess of $15,000.00,

4.     For punitive damages,

5.     For reasonable attorney's fees and costs,

6.     For interest at the statutory rate, and

. . .

. . .

. . .

7.     For such other and further relief as the Court may deem just and proper in the premises.

DATED this 8th day of March 2021.

                              **RICHARD HARRIS LAW FIRM**

                              *Clark Seegmiller, Esq.*
                               CLARK SEEGMILLER, ESQ.
                               Nevada Bar No. 11087
                               801 South Fourth Street
                               Las Vegas, Nevada 89101
                               *Attorneys for Plaintiff*

# EXHIBIT B

# EXHIBIT B


CSC

# Notice of Service of Process

null / ALL
Transmittal Number: 23206762
Date Processed: 05/17/2021

Primary Contact:   Marc P. Clements
Jarden Corporation
3600 North Hyrdaulic Street
Wichita, KS 67219-3812

| | |
|---|---|
| Entity: | Newell Brands Inc.<br>Entity ID Number  0100757 |
| Entity Served: | Newell Brands |
| Title of Action: | Christine Layton vs. Sunbeam Products, Inc |
| Matter Name/ID: | Christine Layton  vs. Sunbeam Products Inc  (11232682) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court/Agency: | Clark County District Court, NV |
| Case/Reference No: | A-21-830737-C |
| Jurisdiction Served: | Massachusetts |
| Date Served on CSC: | 05/13/2021 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Clark Seegmiller<br>702-444-4444 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not
constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

1  **SEI**
   CLARK SEEGMILLER, ESQ.
2  Nevada Bar No. 3873
   **RICHARD HARRIS LAW FIRM**
3  801 South Fourth Street
   Las Vegas, Nevada 89101
4  Telephone: (702) 444-4444
   Facsimile: (702) 444-4455
5  Email: clark@richardharrislaw.com
   *Attorneys for Plaintiff*

*A TRUE COPY ATTEST*
*Process Server & Disinterested Person*

5/13/2021

6              **DISTRICT COURT**
              **CLARK COUNTY, NEVADA**
7

8  CHRISTINE LAYTON, AN INDIVIDUAL,          CASE NO: A-21-830737-C
                                             CASE NO.:
9              Plaintiff,                    DEPT NO.: Department 29

10

11 vs.                                       **SUMMONS**

12 SUNBEAM PRODUCTS, INC., A FOREIGN
   CORPORATION, NEWELL BRANDS, A
13 FOREIGN CORPORATION, DOES 1
   THROUGH 10, INCLUSIVE and ROE
14 CORPORATIONS 1 THROUGH 10,
   INCLUSIVE.
15              Defendants.

16

17 **NOTICE:  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT
   YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION
18 BELOW.**

19 **TO THE DEFENDANT:**

20
                        **NEWELL BRANDS**
21                      221 River Street
22                 Hoboken, New Jersey 07030

23      A civil complaint has been filed by the plaintiff(s) against you for the relief set forth in the complaint.
   If you intend to defend this lawsuit, within 20 days after this summons is served on you exclusive of the day
24 of service, you must do the following:

25    a.  File with the clerk of this court, whose address is shown below, a formal written response to the
26        complaint in accordance with the rules of the court.

27    b.  Serve a copy of your response upon the attorney at the address as shown above.

28

                              Page 1 of 2

1        Unless you respond, a default against you will be entered upon application of the plaintiff(s) and this

2    court may enter a judgment against you for the relief demanded in the complaint, which could result in the

3    taking of money or property or other relief requested.  If you intend to seek the advice of an attorney in this
     matter, you should do so promptly so that your response may be filed on time.

4    Issued at the direction of:

5                                        STEVEN D. GRIERSON, CLERK OF THE COURT

6

7    /s/ Clark Seegmiller         By:                        3/9/2021

8    Clark Seegmiller, Esq.        DEPUTY CLERK         Date
     Nevada Bar No. 3873         Robyn Rodriguez

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RICHARD HARRIS
LAW FIRM

Page 2 of 2

Electronically Filed
3/8/2021 6:11 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
CLARK SEEGMILLER, ESQ.
Nevada Bar No. 3873
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, NV 89101
Telephone: (702) 444-4444
Facsimile: (702) 444-4455
Email: Clark@richardharrislaw.com
*Attorneys for Plaintiff*

CASE NO: A-21-830737-C
Department 29

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| CHRISTINE LAYTON, AN INDIVIDUAL, <br><br> Plaintiff, <br><br> vs. <br><br> SUNBEAM PRODUCTS, INC, A FOREIGN CORPORATION, NEWELL BRANDS, A FOREIGN CORPORATION, DOES 1 THROUGH 10, INCLUSIVE and ROE CORPORATIONS 1 THROUGH 10, INCLUSIVE, <br><br> Defendants. | CASE NO. <br> DEPT. NO. <br><br> **COMPLAINT** |

COMES NOW, Plaintiff, CHRISTINE LAYTON, AN INDIVIDUAL, by and through her counsel of record, CLARK SEEGMILLER, ESQ. of the RICHARD HARRIS LAW FIRM and for her causes of action against the Defendants, and each of them, complains and alleges as follows:

**I.**

**PARTIES**

1.     At all times relevant to these proceedings, Plaintiff, CHRISTINE LAYTON, an individual, (hereinafter referred to as "Plaintiff") was and is a resident of the County of Clark, State of Nevada.

2.     Upon information and belief, at all times referenced herein, Defendant SUNBEAM PRODUCTS, INC. (hereinafter referred to as "Sunbeam") was and is a foreign corporation duly organized and existing to do business in the State of Nevada and a subsidiary of DEFENDANT, NEWELL BRANDS and was doing business in the County of Clark, State of Nevada.

3.     Upon information and belief, at all times referenced herein, Defendant NEWELL BRANDS, (hereinafter referred to as "Newell") was and is foreign corporation duly organized and existing to do business in the State of Nevada and was doing business in the County of Clark, State of Nevada. Further, upon information and belief, Newell was and is a global manufacturer or distributor of Sunbeam branded heating pad products for the residential, commercial and industrial market and who markets its products to persons who have pain and physical limitations.

4.     Pursuant to NRCP 10(a) and *Nurenberger Hercules-Wreke GMBH v. Virostek,* 107 Nev. 873, 822 P.2d 1100 (1991), the identity of resident and non-resident Defendants designated herein as DOES 1 through 10, inclusive and ROE CORPORATIONS 1 through 10, inclusive, are presently unknown to Plaintiff. Upon information and belief these ROE and DOE CORPORATION Defendants, and each of them, were involved in the initiation, approval, support, or execution of one or more of the wrongful acts or omissions upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, and which directly and proximately caused injury and damages to Plaintiff, including but not limited to; (a) persons involved in the design, manufacture, distribution and placement into the stream of commerce of an unreasonably dangerous and unfit product that caused damages and injuries to Plaintiff, and which are strictly liable under products liability law; and (b) known witnesses whose particular culpability is not known at this time but may be made known once the true facts are learned. As the specific identities are revealed through discovery, the DOE and ROE CORPORATION appellations will be replaced to identify these parties

by their true names and capacities. Hereinafter, referenced to as Defendant or Defendants includes DOES and ROE CORPORATIONS and each of them.

5.      That said DOE and ROE CORPORATIONS Defendants are the employees, manufacturers, designers, component part manufacturers, installers, owners, distributors, repairers, maintainers, warned for use, retailers, and/or warrantors of the defective product as set forth herein.

6.      Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendants, and each of them, were the agents and/or servants and/or employees and/or partners and/or joint venture partners and/or employers of the remaining Defendants and were acting within the course and scope of such agency, employment, partnership or joint venture and with the knowledge and consent of the remaining Defendants.

## II.

### JURISDICTION

7.      That all the facts and circumstances that give rise to the subject lawsuit occurred within the County of Clark, State of Nevada.

8.      Nevada Courts hold personal jurisdiction over the Defendants, and each of them, pursuant to the Defendants, and each of them, purposeful contacts with the State of Nevada.

9.      Venue in the Eighth Judicial District Court, in and for the County of Clark, State of Nevada, is proper pursuant to NRS 13.040.

## III.

### STATEMENT OF FACTS

10.     Plaintiff repeats, realleges and incorporates herein by this reference, paragraphs 1 through 6 of PARTIES and paragraphs 7 through 9 of JURISDICTION, as though fully set forth herein and further alleges:

11.     On or about 2019, Plaintiff purchased a Sunbeam heating pad for use on her upper right back to ease the pain and discomfort she was experiencing. Plaintiff set the heating pad on its lowest temperature setting as well as set the heating pad to turn off and on in twenty (20) minute increments while the product was being used.

12.     On or about April 19, 2019, on completion of a heating session on Plaintiff's back, Plaintiff discovered a large second degree burn to her right upper back culminating in a massive blister on her back requiring medical attention and medication.

13.     Plaintiff, after discovering the second degree burn and blister, contacted Defendants and each of them, to put them on notice of the subject incident. Plaintiff never received a response from any of the Defendants.

14.     As a direct result of the negligence of Defendants, and each of them, Plaintiff sustained physical injury, damages and disfigurement which may permanent and disabling in nature.

15.     As a result of the above-mentioned injury, Plaintiff was required and may yet be required to seek medical care and treatment.

16.     As a direct and proximate result of the negligence of Defendants SUNBEAM, NEWELL, and DOE and ROE Defendants, and each of them, Plaintiff had limited occupational and recreational activities which have caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

17.     Plaintiff has been required to retain the services of counsel to protect her interests and therefore, Plaintiff is entitled to an award of reasonable attorney's fees.

. . .

. . .

## IV.

## FIRST CAUSE OF ACTION

### *Negligence as to All Defendants*

18.     Plaintiff repeats and realleges and incorporates herein by reference paragraphs 1 through 6 of PARTIES, paragraphs 7 through 9 of JURISDICTION, and paragraphs 10 through 17 of the STATEMENT OF FACTS as though fully set forth herein and further allege:

19.     Defendants, and each of them, owed a duty to Plaintiff, and others similarly situated, to ensure their product, particularly the Sunbeam heating pad was properly functioning and safe for use by the end consumer.

20.     Defendants, and each of them, while in the course and scope of their employment and/or agency with other Defendants, negligently failed to warn Plaintiff of safety hazards which resulted in Plaintiff's injuries and damages.

21.     Defendants, and each of them, knew or should have known that unreasonably dangerous conditions existed with the Sunbeam heating pad, being used by Plaintiff, namely the ability to receive severe burns.

22.     Defendants owed a duty of due care to Plaintiff, and others similarly situated, in the design, testing, manufacture, installation, assembly, marketing, instructions for use and warnings for the Sunbeam heating pad.

23.     Defendants breached their duty of due care by their negligent, careless, wanton, willful, and indifferent failure to act including, but not limited to the negligent and improper design, testing, manufacture, installation assembly, instructions for use and warnings for the Sunbeam heating pad.

. . .

24.     As a direct and proximate result of the negligence of the Defendants, and each of them, Plaintiff has incurred damages and injuries in excess of FIFTEEN THOUSAND DOLLARS ($15,000).

25.     Plaintiff has been required to retain counsel to protect her interests in this matter and therefore, Plaintiff is entitled to an award of reasonable attorney fess and costs.

V.

**SECOND CAUSE OF ACTION**
*Strict Product Liability Defective Design,*
*Manufacture and/or Failure to Warn*
*as to all Defendants*

26.     Plaintiff repeats and realleges and incorporates herein by reference paragraphs 1 through 6 of PARTIES, paragraphs 7 through 9 of JURISDICTION, paragraphs 10 through 17 of the STATEMENT OF FACTS and paragraphs 18 through 25 of the FIRST CAUSE OF ACTION, as though fully set forth herein and further alleges:

27.     Upon information and belief, Defendants, and each of them, are and were a component part manufacturer, owner, distributor, maintainer, warned for use, retailer, and/or warrantor of said the defective product as set forth herein.

28.     Upon information and belief, Defendants, and each of them, sold the defective Sunbeam heating pad and failed to warn Plaintiff of the hazards of the use of the subject product.

29.     At the time of the subject incident, the Sunbeam heating pad had a design and/or manufacturing defect that rendered the product unreasonably dangerous.

30.     The defect, which rendered the heating pad unreasonably dangerous, existed at the time the subject product and its component parts left the care, custody and control of the above-named Defendants and each of them.

31.     The Defendants, and each of them, knew or should have known of the Sunbeam product's defect which rendered it unreasonably dangerous at the time of placing the product into the stream of commerce and failed to undertake measures to prohibit it from entering into the stream of commerce and into the hands of users in the State of Nevada, including warnings of the risks for product failure, proper use and maintenance of the product and proper inspection of the product for potential hazards and/or defects.

32.     The subject Sunbeam product was defective due to Defendants, and each of them, failure to warn of the potential dangers associated with using said heating pad.

33.     The Sunbeam heating pad was defective due to a manufacturers' defect, design defect, or defect due to lack of adequate warnings.

34.     The heating pad was defective as a result of its design which rendered the product unreasonably dangerous.

35.     The Sunbeam heating pad was unreasonably dangerous and defective because it lacked suitable and adequate warnings concerning its safe and proper use which rendered the product unreasonably dangerous.

36.     The Defendants, and each of them, failed to perform in the manner reasonably expected in light of its nature and intended function and was more dangerous than would be contemplated by the ordinary user, including Plaintiff having the ordinary knowledge available in the community, which rendered the product unreasonably dangerous.

37.     Defendants', and each of them's, failure to warn was a proximate cause of Plaintiff's injuries.

38.     The Defendants, and each of them's, products' manufacturing and/or design defect was the proximate cause of Plaintiff's injuries and damages.

39.    The Defendants, and each of them, conduct was the direct and proximate cause of Plaintiff's injuries and damages.

40.    The Defendants, and each of them, are strictly liable to the Plaintiff jointly and severally for the damages she has and may continue to sustain which are in excess of FIFTEEN THOUSAND DOLLARS ($15,000).

41.    Plaintiff has been required to retain the services of counsel to protect her interests in this action, and therefore, Plaintiff is entitled to reasonable attorney's fees and costs of suit.

**VI.**

**THIRD CAUSE OF ACTION**
***Breach of Express Warranties***

42.    Plaintiff repeats, realleges and incorporates herein by reference paragraphs1 through 6 of PARTIES, paragraphs 7 through 9 of JURISDICTION, paragraphs 10 through 17 of the STATEMENT OF FACTS, paragraphs 18 through 25 of the FIRST CAUSE OF ACTION and paragraphs 26 through 41 of the SECOND CAUSE OF ACTION as though fully set forth herein and further alleges:

43.    Defendants, and each of them, expressly warranted that the SUNBEAM heating pad was free from defects and was safe for consumer use.

44.    Defendants, and each of them breached the express warranties, which breaches were the proximate and legal cause of the failure of the SUNBEAM heating pad.

45.    Plaintiff sustained injuries and damages as a direct result of the Defendants' breach of the express warranties in a sum in excess of FIFTEEN THOUSAND DOLLARS ($15,000).

46.    Plaintiff has been required to retain counsel to protect her interests and therefore Plaintiff is entitled to an award of reasonable attorney's fees and costs of suit.

## VII.

### FOURTH CAUSE OF ACTION
*Breach of Implied Warranty of Fitness for a Particular Purpose*

47.     Plaintiff repeats and realleges and incorporates herein by this reference, paragraphs 1 through 6 of PARTIES, paragraphs 7 through 9 of JURISDICTION, paragraphs 10 through 17 of the STATEMENT OF FACTS, paragraphs 18 through 25 of the FIRST CAUSE OF ACTION, paragraphs 26 through 41 of the SECOND CAUSE OF ACTION, and paragraphs 42 through 46 of the THIRD CAUSE OF ACTION as through fully set forth herein and further alleges:

48.     At all times referenced herein, Plaintiff purchased a Sunbeam heating pad for her personal use.

49.     Defendants, and each of them, impliedly warranted the Sunbeam heating pad was fit to be used for a particular purpose and was safe for use.

50.     Defendants, and each of them, had reason to know the particular purpose for which the Sunbeam heating pad would be used, and Plaintiff was relying on Defendants skill and judgment to provide a suitable product.

51.     Defendants, and each of them, implicitly warranted the Sunbeam heating pad was fit for the particular purpose for which it was required and that it was safe for Plaintiff to use in the manner contemplated.

52.     Defendants, and each of them, breached their implied warranty of fitness for a particular purpose, and said breach was the proximate and legal cause of the failure of the Sunbeam heating pad.

. . .

. . .

53.     Plaintiff on determining the Sunbeam product was not suitable for the particular purpose represented took reasonable steps to notify the Defendants, and each of them, the heating pad was not suitable.

54.     As a direct and proximate result of the Defendant's, and each of them, breach of the implied warranty, Plaintiff has suffered injuries and damages in a sum in excess of FIFTEEN THOUSAND DOLLARS ($15,000).

55.     Plaintiff has been required to retain counsel to protect her interests and, therefore, Plaintiff is entitled to an award of reasonable attorney's fees and costs of suit.

### VIII.

### FIFTH CAUSE OF ACTION
#### *Breach of Implied Warranty of Merchantability*

56.     Plaintiff repeats, realleges and incorporates herein by this reference, paragraphs 1 through 6 of PARTIES, paragraphs 7 through 9 of JURISDICTION, paragraphs 10 through 17 of the STATEMENT OF FACTS, paragraphs 18 through 25 of the FIRST CAUSE OF ACTION, paragraphs 26 through 41 of the SECOND CAUSE OF ACTION, paragraphs 42 through 46 of the THIRD CAUSE OF ACTION and paragraphs 47 through 55 of the FOURTH CAUSE OF ACTION as though fully set forth herein, and further alleges:

57.     Plaintiff bought the consumer product Sunbeam heating pad, manufactured by Defendant Sunbeam and marketed by Defendant Newell.

58.     At the time of the purchase of the Sunbeam heating pad by Plaintiff, Defendant Sunbeam was in the business of selling such heating pads to retail buyers such as Plaintiff.

59.     At the time Plaintiff purchased the heating pad, the Sunbeam heating pad was not fit for the ordinary purposes for which the product is to be used.

60.     Defendants, and each of them, breached the implied warranty of merchantability, and their breach of warranty was the proximate and legal cause of the failure of the SUNBEAM heating pad.

61.     Plaintiff sustained injuries and damages as a result of Defendants' breach in a sum in excess of FIFTEEEN THOUSAND DOLLARS ($15,000).

62.     Plaintiff has been required to retain the services of counsel to protect her interests and therefore she is entitled to an award of reasonable attorney's fees and costs.

### IX.

### PUNITIVE DAMAGES
### *As to all Defendants*

63.     Plaintiff repeats, realleges and incorporates herein by reference, paragraphs 1 through 6 of PARTIES, paragraphs 7 through 9 of JURISDICTION, paragraphs 10 through 17 of the STATEMENT OF FACTS, paragraphs 18 through 25 of the FIRST CAUSE OF ACTION, paragraphs 26 through 41 of the SECOND CAUSE OF ACTION, paragraphs 42 through 46 of the THIRD CAUSE OF ACTION, paragraphs 47 through 55 of the FOURTH CAUSE OF ACTION, and paragraphs 56 through 62 of the FIFTH CAUSE OF ACTION and further alleges:

64.     The Defendants, and each of them, knew or should have known of the Subeam's product's defect which rendered it unreasonably dangerous at the time of placing the subject product into the stream of commerce and failed to undertake measures to prohibit it from entering into the stream of commerce and into the hands of users in the State of Nevada, including warnings of the risks for product failure, proper use and maintenance of the product and proper inspection of the product for potential hazards and/or defects.

. . .

. . .

65.     Defendants, and each of their conduct was wrongful because Defendants engaged in oppression, malice and with a conscious disregard toward individuals like Plaintiff who purchased and used the Sunbeam heating pad.

66.     Specifically, Defendants marketed the Sunbeam heating pad to consumers like Plaintiff who are in significant pain, anguish and suffering.

67.     Defendants, and each of them, market the SUNBEAM heating pad to the end consumers implying the consumer will feel better with every use and it will make the user's experience a pain and stress reducing pleasure.

68.     As a result of the Defendants, and each of them, actions as set forth herein, Plaintiff has suffered injuries and damages in a sum in excess of FIFTEEN THOUSAND DOLLARS ($15,000) and punitive damages in a sum to be determined in excess of FIFTEEN THOUSAND DOLLARS ($15,000).

WHEREFORE, Plaintiff respectfully prays for Judgment against the Defendants, and each of them, as follows

1.      General damages in an amount in excess of $15,000.00,

2.      Compensatory damages in an amount in excess of $15,000.00,

3.      Special damages for Plaintiff in an amount in excess of $15,000.00,

4.      For punitive damages,

5.      For reasonable attorney's fees and costs,

6.      For interest at the statutory rate, and

. . .

. . .

. . .

7.     For such other and further relief as the Court may deem just and proper in the premises.

DATED this 8th day of March 2021.

**RICHARD HARRIS LAW FIRM**

*Clark Seegmiller, Esq.*
 CLARK SEEGMILLER, ESQ.
Nevada Bar No. 11087
 801 South Fourth Street
 Las Vegas, Nevada 89101
 *Attorneys for Plaintiff*

**Page 13 of 13**