ALVERSON TAYLOR & SANDERS
JONATHAN B. OWENS, ESQ.
Nevada Bar No. 7118
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
Telephone: 702-384-7000
Facsimile:  702-385-7000
efile@alversontaylor.com
jowens@alversontaylor.com
*Attorneys for Defendant,*
*Sunbeam Products, Inc.*
*and Newell Brands Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRISTINE LAYTON,<br><br>Plaintiff,<br><br>vs.<br><br>SUNBEAM PRODUCTS, INC., A FOREIGN CORPORATION, NEWELL BRANDS, A FOREIGN CORPORATION, DOES 1 THROUGH 10, INCLUSIVE and ROE CORPORATIONS 1 THROUGH 10, INCLUSIVE.<br><br>Defendant. | Civil Action No:  2:21-cv-00989-RFB-BNW<br><br>**DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

COMES NOW, Defendants SUNBEAM PRODUCTS, INC. and NEWELL BRANDS, (hereinafter "Defendants") by and through their counsel of record, the law firm of ALVERSON

////

////

////

////

////

1

27220-JBO

TAYLOR & SANDERS, and hereby files this Motion to Compel Plaintiff's Responses to Defendants' First Set of Requests for Production of Documents.

Dated this <u>11</u><sup>th</sup> day of January, 2022.

ALVERSON TAYLOR & SANDERS

JONATHAN B. OWENS, ESQ.
Nevada Bar No. 007118
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
Telephone:  (702) 384-7000
Fax:  (702) 385-7000
Email:  JOwens@alversontaylor.com
*Attorneys for Defendant,*
*Sunbeam Products, Inc. and*
*Newell Brands Inc.*

////
////
////
////
////
////
////
////
////
////
////
////
////
////

2

27220-JBO

**AFFIDAVIT OF R. ETHAN POSEY, ESQ.**

STATE OF NEVADA      )
                     ) ss.
COUNTY OF CLARK      )

R. ETHAN POSEY, ESQ., the Affiant, being first duly sworn, on oath, deposes and says:

1.     I am an attorney licensed to practice law before all courts in the State of Nevada. I am an associate with the law firm of ALVERSON TAYLOR & SANDERS, attorneys of record for Defendants in this matter;

2.     I have personal knowledge of the facts referred to in this Affidavit and could competently testify to these facts if called upon to do so in a court of law;

3.     I make this affidavit in support of Defendants' Motion to Compel Plaintiff's Responses to Defendants' First Set of Requests for Production of Documents;

4.     On September 24, 2021, Defendants served Plaintiff with their First Set of Requests for Production of Documents and First Set of Interrogatories;

5.     On November 9, 2021, Plaintiff served her Responses to Plaintiff's First Set of Requests for Production of Documents and First Set of Interrogatories;

6.     On November 23, 2021, Affiant contacted counsel for Plaintiff to inquire as to the status of medical authorizations, to inquire as to any liens on Plaintiff's recovery, and to inquire about scheduling an inspection of the subject heating pad. Counsel for Plaintiff stated that Plaintiff would provide medical authorizations, lien information, and that Plaintiff was willing to allow a non-destructive inspection of the subject heating pad.

7.     On December 9, 2021, Affiant attempted to contact Counsel for Plaintiff via telephone, and never received a call back.

8.     On December 13, 2021, Affiant sent Counsel for Plaintiff a follow-up email requesting a status update on receipt of the agreed to medical authorizations, liens, and whether

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

27220-JBO

March 23, 2022, was a good date for an inspection of the subject heating pad. Affiant never received a response to said email.

9.      Thereafter, Affiant attempted to contact Counsel for Plaintiff on December 17, 2021; December 21, 2021; and January 4, 2021, and still has not received any return calls or correspondence.

11.     As of the date of this Motion, Plaintiff has yet to provide medical authorizations, lien information, or agreed to a date for the inspection of the subject heating pad. Nor has Plaintiff provided supplemental information in response to Defendants' First Set of Requests for Production of Documents despite stating in her responses that such supplementation would occur.

12.     As of the date of this Motion, Defense counsel has been unable to meet and confer with Plaintiff's counsel pursuant to LR 26-6 (c) in an effort to informally resolve this dispute as counsel has failed to respond to the numerous attempts made by Defense counsel to contact Plaintiff's counsel.

12.     This Motion is made in good faith and is not for the purpose of delay.

Further, your affiant sayeth naught.

R. ETHAN POSEY, ESQ.

SUBSCRIBED and SWORN to before me this 11th day of January, 2022.

NOTARY PUBLIC, in and for said County and State



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
ERIN A. DONALDSON
Appt. No. 07-2582-1
My Appt. Expires Aug. 21, 2023

//// 

//// 

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

4

27220-JBO

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    PLAINTIFF SHOULD BE COMPELLED TO RESPOND TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND ABIDE BY HER AGREEMENT WITH DEFENDANTS**

**II.   DEFENDANTS REQUEST ATTORNEY'S FEES AND COSTS ASSOCIATED WITH THE FILING OF THIS MOTION**

### STATEMENT OF FACTS

This matter arises from an incident that took place on or about April 19, 2019, when Plaintiff allegedly sustained a large second degree burn to her right upper back resulting in a blister that allegedly required immediate medical attention. Plaintiff alleges that she was using a "Sunbeam heating pad" on its lowest temperature setting when the burn occurred. Plaintiff further alleges that she contacted both Defendants Sunbeam and Newell Brands but never received a response.

Plaintiff filed her complaint on March 8, 2021, alleging negligence, strict products liability, and breach of express and implied warranties. Plaintiff further asserted claims for punitive damages, alleging that Defendants knew or should have known that the subject heating pad was unreasonably dangerous, and that Defendants acted with oppression, malice, and conscious disregard for Plaintiff. Defendants answered Plaintiff's complaint on June 2, 2021. Discovery commenced soon after and on September 24, 2021, Defendants served their first set of interrogatories and requests for production of documents on Plaintiff. Plaintiff responded to the same on November 9, 2021. *See* Exhibits 1 & 2. In said responses, Plaintiff indicated that she requested medical records from her medical providers and would provide the same upon receipt. *Id.*

On November 23, 2021, Plaintiff agreed to provide Defendants with medical authorizations for her medical providers, agreed to provide the liens associated with her recovery, and agreed to schedule a non-destructive inspection of the subject heating pad. As of this Motion and after

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

27220-JBO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

multiple attempts to follow-up with Plaintiff's counsel about said agreement, Defendants have yet to obtain the agreed upon medical authorizations or liens. Further, Counsel for Defendants have not heard from Plaintiff's counsel since November 23, 2021, despite multiple attempts to follow-up about the agreement made on that same date. Moreover, Plaintiff has yet to supplement her responses to requests for production of documents or updated her computation of damages. Finally, an inspection of the subject heating pad remains to be scheduled. The initial expert disclosure deadline in this matter is February 25, 2022. Given the limited time remaining in discovery and Plaintiff's lack of follow-up regarding her counsel's agreement with Defendants, Defendants had no choice but to file this Motion.

**ARGUMENT**

Plaintiff should be compelled to disclose the medical and billing records identified in her responses to requests for production of documents. This information is relevant and discoverable due to the personal injury nature of this action. Plaintiff should further be compelled to allow inspection of the subject heating pad because the heating pad is relevant evidence as it pertains to Plaintiff's claimed injury. Finally, Plaintiff should be compelled to disclose the medical liens associated with her recovery because said information is relevant to the potential bias of Plaintiff's medical providers. Federal Rule of Civil Procedure 34 allows a party to serve on any other party a request to produce documents and tangible things that are relevant to the issues in the case and within the bounds of Rule 26(b)(1), provided that the documents and/or items requested are in the responding party's possession, custody, or control. *See* Fed. R. Civ. P. 34. A motion to compel may be made if a party fails to produce documents (or fails to permit an inspection) requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." *Id.*

/ / / /

6

27220-JBO

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In this matter, despite stating that medical records and the heating pad were in (or would soon be in) Plaintiff's possession, Plaintiff has failed to produce said documents or make the heating pad available for inspection. Plaintiff has also failed to produce certain medical billing records related to her computation of damages as required by Rule 26(a)(1)(A)(iii) and as requested by Defendants. Similarly, Plaintiff has failed to produce the liens on her recovery despite said information being discoverable. Therefore, Plaintiff should be compelled to produce medical and billing records, the subject heating pad, and the liens on her recovery pursuant to Rule 37.

## I. PLAINTIFF SHOULD BE COMPELLED TO RESPOND TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND ABIDE BY HER AGREEMENT WITH DEFENDANT

### a. Medical Records and Inspection of Subject Heating Pad

Defendants are entitled to the medical records requested in their first set of requests for production of documents, and identified by Plaintiff in response, because the documents requested are relevant to Plaintiff's causes of action for personal injury. Similarly, Defendants are entitled to inspect the subject heating pad which caused Plaintiff's injury.

When a plaintiff puts her physical condition in issue, medical records associated with the claimed injury (included medical records pertaining to pre-existing injuries that are related to the claimed injury) are relevant and discoverable. *See Potter v. W. Side Transp., Inc.*, 188 F.R.D. 362, 364 (D. Nev. 1999); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"). Moreover, a plaintiff cannot claim doctor-patient privilege over said medical records, because in diversity actions such as this, state law governs claims of privilege. *Potter*, 188 F.R.D. at 364, *citing* Fed. R. Evid. 501 ("the issue of privilege is governed by State law"). In Nevada, any applicable doctor-patient privilege is not applicable to "written medical or hospital records relevant to an issue of the condition of the patient in any proceeding in which the condition is an element

27220-JBO

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

of a claim or defense." NRS 49.245. Therefore, any medical records pertaining to Plaintiff's claimed injuries are relevant and discoverable and Defendants request that the Court compel Plaintiff to disclose the medical records that she represented were soon to be in her possession.

Specifically, Defendants request that the Court compel production of the medical records noted in Plaintiff's responses to Defendants' Request No. 6:

**REQUEST NO. 6:**
Each hospital record, operative report, medical record, radiological report, x-ray, scan or other such document which contains a record of any medical treatment, diagnosis, prognosis, medical analysis, hospitalization, surgical consult or procedure or diagnostic test performed on Plaintiff in the five years prior to the date of alleged incident to date.
**RESPONSE TO REQUEST NO. 6:**
Plaintiff objects to this request to the extent it invades Plaintiff's right to privacy, is unduly burdensome, overly broad, and is not proportional to the needs of the case because it goes beyond the scope of the alleged injuries at issue. Subject to and without waiving these objections, Plaintiff responds: Plaintiff possesses no documents responsive to this request. However, *Plaintiff has requested her records from Monos Health Institute and Southwest Medical Associates and will disclose them upon receipt* (emphasis added).

While it is true that Defendants cannot compel the production of medical authorizations or medical records not in Plaintiff's control, that is not the case here because Plaintiff stated that the records would soon be in her possession and would be produced. *See Clark v. Vega Wholesale Inc.,* 181 F.R.D. 470, 472 (D. Nev. 1998); Fed. R. Civ. P. 34 ("items in the responding party's *possession*) (emphasis added). Moreover, when a plaintiff agrees to provide medical records or medical authorizations, this Court has in the past required that the plaintiff abide by such an agreement. *See Lopez v. Cardenas Markets, Inc.,* No. 2:11-CV-00323-ECR, 2011 WL 4738111, at *4 (D. Nev. Oct. 5, 2011) ("although it will not compel the authorizations under Rule 34, the Court will hold the parties to the representations made in their correspondence and representations to the court").

In this matter, not only did Plaintiff represent that she would soon possess and disclose medical records, but Plaintiff agreed to provide Defendants with medical authorizations pertaining to her medical treatment. Thus, Defendants respectfully request that this Court require Plaintiff to

27220-JBO

abide by said agreement and also produce the medical records in her possession that pertain to her injuries.

Similarly, Plaintiff stated that she would produce the subject heating pad for inspection, as noted in her response to the below request:

**REQUEST NO. 25:**
Please produce the subject heating pad that Plaintiff claims caused her injuries, along with any packaging, receipts for purchase, inserts, instructions, and warnings provided with the product for non-destructive examination and temperature testing under the Heating Test protocol as described in UL 130, Standard of Safety, Electric Heating Pads, (See Attachment B, UL 130, Heating Test protocol).

**RESPONSE TO REQUEST NO. 25:**
*Plaintiff possesses the original heating pad at issue in this case, as well as the instructions that came with the heating pad. The heating pad is available for inspection* (emphasis added). The instructions will be disclosed shortly following these responses, as Plaintiff only recently located the instructions. Other than the foregoing, Plaintiff possesses no further materials responsive to this request. Discovery is ongoing, and Plaintiff reserves the right to supplement this response.

However, Plaintiff has yet to respond to our requests to schedule a time for an inspection of the subject heating pad. As with Plaintiff's medical records pertaining to her injury, Defendants are entitled to an inspection of the subject heating pad, as they requested under Rule 34, because the heating pad is relevant and discoverable as it pertains to Plaintiff's claimed injury. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(a)(2). Therefore, Defendants request that Plaintiff be compelled to produce the subject heating pad for inspection by Defendants.

**b.   Medical Expenses**

Plaintiff should be compelled to disclose all medical expenses and bills associated with her claimed injuries because this information is a required disclosure pursuant to Rule 26. The Rule provides:

[A] party must, without awaiting a discovery request, provide to the other parties: (iii) a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material… on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

27220-JBO

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

Fed. R. Civ. P. 26(a)(1)(A)(iii). In response to an interrogatory requesting information about the medical providers who provided treatment related to the subject accident, Plaintiff stated that "Plaintiff also treated at Southwest Medical Associates and Monos Health Institute." *See* Ex. 2, P.'s Ans. to Interog. No. 9. However, in response to the request below, Plaintiff did not provide an updated computation of damages and as of this motion, has not produced any evidence of other expenses:

> **REQUEST NO. 10:**
> All documents evidencing the medical expenses for which recovery is sought for Plaintiff and the identity of each person incurring liability for such expenses.
> **RESPONSE TO REQUEST NO. 10:**
> Objection. This Request is objected to on the grounds it seeks information previously produced. Further, the phrase "incurring liability" is undefined and vague, making a response to the phrase impossible without clarification. Without waiving said objections, Plaintiff responds: see Plaintiff's Initial Disclosures and all Supplements thereto (which are incorporated herein by reference) and specifically the documents listed therein as follows:

| 105. | Henderson Hospital Medical Records & Bills | HHOS000001 – HHOS000086 |
|------|--------------------------------------------|--------------------------|
| 106. | Shadow Emergency Physicians Bills          | SHAD000001               |

Plaintiff reserves the right to supplement this response as discovery continues.

Therefore, Defendants request that this Court compel Plaintiff to identify and produce the billing records associated with Plaintiff's treatment at Monos Health Institute and Southwest Medical Associates. Not only did Defendants request this information pursuant to Rule 34, but Plaintiff is required to disclose such information under Rule 26(a) and has failed to do so.

    **c.  Liens**

Finally, Plaintiff should be compelled to produce any and all medical liens associated with her recovery. This information is relevant to the potential bias of Plaintiff's treating physicians and is thus discoverable. For example, this Court has noted that the Nevada Supreme Court allows for the admissibility of medical liens to prove bias, and thus has allowed the admission of such liens

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

27220-JBO

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

1   in federal cases. *See Wise v. S. Tier Express, Inc.,* No. 215CV01219APGPAL, 2017 WL 11488517,

2   at *1 (D. Nev. July 10, 2017) ("the existence of a lien could implicate the lienholder's credibility…

3   I therefore will not preclude the defendant from asking Wise's witnesses whether they hold a

4   medical lien and in what amount"); *see also Calvert v. Ellis,* No. 213CV00464APGNJK, 2016 WL

5   153044, at *4 (D. Nev. Jan. 12, 2016) ("Nor will I preclude the defendants from arguing that

6   Kabins, Kaplan, and Prater may be biased because they have an incentive to assist Calvert in

7   maximizing recovery in this civil case").

8          In this matter, Defendants requested that Plaintiff disclose any liens associated with her

9   recovery:

10

11          **REQUEST NO. 18:**
            All documents concerning any claims of interest of any person in any recovery in
12          this case, including all documents concerning medical liens, claims, subrogation,
            or otherwise.
13          **RESPONSE TO REQUEST NO. 18:**
            Objection. This Interrogatory calls for information regarding collateral sources that
14          is inadmissible at trial. The United States Supreme Court adopted a *per se* rule
            against the introduction of collateral source evidence because the prejudicial impact
15          of collateral source evidence inevitably outweighs the probative values of such
            evidence. *Eichel v. New York Central Railroad Co.*, 375 U.S. 253, 84 S. Ct. 316,
16          11, L.Ed.2d 307 (1963).

17

18   As of this motion, Plaintiff has failed to provide any information or documents related to said liens.

19   Moreover, Plaintiff initially agreed to provide liens to Defendants, but has failed to do so.

20   Therefore, Defendants respectfully request that this Court compel Plaintiff to disclose any

21   associated medical liens related to her treatment and to her recovery.

22   **II.    DEFENDANTS REQUEST THE ATTORNEY'S FEES AND COSTS ASSOCIATED**
23          **WITH THE FILING OF THIS MOTION**

24          Plaintiff should be ordered to pay the fees and costs associated with the filing of this Motion

25   to Compel Plaintiff's Responses to Defendants' First Set of Requests for Production of

26   Documents. Pursuant to the Federal Rules of Civil Procedure:

27   / / / /

28
27220-JBO

1

2

3

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

4

Fed. R. Civ. P. 37(a)(5)

5

6

7

8

9

10

11

12

13

14

Defendants attempted to resolve this issue in good faith without the court's action. Specifically, by consistently following up with counsel for Plaintiff regarding her responses and obtaining an agreement from Plaintiff's counsel that medical authorizations, liens, and an inspection date would be provided. However, Plaintiff's counsel has yet to respond or provide further information after an initial conversation on November 23, 2021, despite multiple attempts to follow-up. Therefore, Defendants were left with no other option but to file this Motion as the documents and information requested are essential to Defendants' defense in this matter and the discovery period is approaching its end. As such, the fees and costs associated with bringing this motion should be awarded to Defendants pursuant to FRCP 37(a)(5).

15

16

## CONCLUSION

17

18

19

Based on the forgoing, Defendants SUNBEAM PRODUCTS, INC. and NEWELL BRANDS respectfully request that this Motion to Compel Plaintiff's Responses to Defendants' First Set of Requests for Production of Documents be granted.

20

DATED this 11<u>th</u> day of January, 2022.

21

22

23

24

25

26

## **ORDER**

IT IS ORDERED that ECF No. 25 is DENIED without prejudice for failure to meet and confer. The Court expects all parties to meet and confer (fully and in good faith) before discovery motions are filed. The Court understands Defendants' representations that they have attempted to meet and confer with Plaintiff. Accordingly, IT IS FURTHER ORDERED that Plaintiff and Defendants shall meet and confer about this motion by 1/19/2022. If the parties cannot resolve their dispute, Defendants may refile their motion.

27

28

IT IS SO ORDERED

DATED: 1:22 pm, January 12, 2022

*Brenda Weksler*

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

12

27220-JBO

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

1

2

**CERTIFICATE VIA CM/ECF**

3        Pursuant to FRCP 5, I hereby certify that I am an employee of ALVERSON TAYLOR &

4   SANDERS and that on the 11<u>th</u> day of January, 2022, I caused to be served via CM/ECF a true

5   and correct copy of the document described herein.

6        **Document Served:**     **DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S**
**RESPONSES TO DEFENDANTS' FIRST SET OF**
7                              **REQUESTS FOR PRODUCTION OF DOCUMENTS**

8

9   Christian A. Miles, Esq.
RICHARD HARRIS LAW FIRM
10  801 South Fourth Street
Las Vegas, NV 89101
11  Tel: 702-444-4444
Fax: 702-444-4455
12  Email: cmiles@richardharrislaw.com
*Attorneys for Plaintiff*
13

14

15

16  An Employee of ALVERSON TAYLOR
& SANDERS

17

18

19

20

21

22

23

24

25

26

27

28

27220-JBO

**ALVERSON TAYLOR & SANDERS**
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

**INDEX OF EXHIBITS**

| Exhibit Number | Exhibit Description | Number of Pages |
|---|---|---|
| 1 | Plaintiff's Responses to Defendants' First Set of Requests for Production of Documents | 17 |
| 2 | Plaintiff's Responses to Defendants' First Set of Interrogatories | 14 |

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

j:\z-client\27220\pleadings\motion to compel.docx

14

27220-JBO